**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 18-cr-465-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**6.    JULIO RICHARD MONTES,**

    Defendant.

---

**ORDER DENYING MOTION FOR EMERGENCY RELEASE**

---

The Government charges Defendant Julio Richard Montes with multiple crimes, including conspiracy to distribute a certain amount of cocaine in violation of 21 U.S.C. §§ 841 and 846—which carries a punishment of no less than ten years' incarceration. (ECF No. 1 at 1–2; ECF No. 1-6.) On September 13, 2019, Montes pleaded guilty to this charge. (ECF No. 238 at 1.) Although Montes had been on bond until that point, the Court found that he must be detained pending sentencing per 18 U.S.C. § 3143(a)(2), which presumptively requires post-conviction detention when the crime of conviction carries a potential sentence of ten years or more. The Court therefore remanded him to the custody of the U.S. Marshal. (*Id.*) The Marshal currently houses Montes at FCI Englewood.

On May 1, 2020, Montes filed a Motion for Emergency Release, arguing that his diabetes makes him especially susceptible to a severe case of COVID-19, and if the virus that causes that disease (SARS-CoV-2) begins spreading within FCI Englewood,

he will have no way of protecting himself due to the close-quarters, communal environment.  (ECF No. 327.)  For the reasons set forth below, the Court denies this motion.

## I.  POST-CONVICTION PRESUMPTIONS & EXCEPTIONS

### A.  Initial Standard

Under the relevant portion of the Bail Reform Act,

> [t]he judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 [which includes the conspiracy charge to which Montes pleaded guilty] and is awaiting imposition or execution of sentence be detained unless—
>
> **(A)**
>
> > **(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> >
> > **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

### B.  Exception

Despite the foregoing, the Court may release a person facing pre-sentencing detention if the Court finds "exceptional reasons":

> A person subject to detention pursuant to section 3143(a)(2) [as is Montes] or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) [regarding pre-sentencing detention] or (b)(1) [regarding detention pending appeal], may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention

2

would not be appropriate.

18 U.S.C. § 3145(c). The "conditions of release set forth in section 3143(a)(1)" are that the "the person is not likely to [1] flee or [2] pose a danger to the safety of any other person or the community if released." *Id.* § 3143(a)(1). The burden of proof as to these two findings is "clear and convincing evidence." *Id.*

## II. ANALYSIS

Montes moves under 18 U.S.C. § 3143(a)(2). In other words, he asks the Court to reconsider its September 13, 2019 order that he must be detained under that statute. His argument fails, however, because the required predicates do not exist. Before the Court can consider releasing a defendant who has pleaded guilty to a crime such as the one to which Montes has pleaded, the Court must find either that "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the Government [must] recommend[] that no sentence of imprisonment be imposed on the person." 18 U.S.C. § 3143(a)(2)(A). Montes's guilty plea means that there is essentially zero likelihood that a motion for acquittal or new trial will be granted, and the Government is not recommending a no-imprisonment sentence. Accordingly, § 3143(a)(2) does not permit the Court to release Montes.

In this light, Montes's only avenue for pre-sentencing release is by "clearly show[ing] that there are exceptional reasons why [his] detention would not be appropriate." *Id.* § 3145(c). Montes does not argue for § 3145(c) relief until his reply brief, so the Court could deem him to have forfeited the argument. However, perhaps anticipating that Montes might raise it for the first time in his reply brief, the Government's response brief addresses and argues against § 3145(c) relief. Accordingly, in the interest of justice, and given the seriousness of the matter in

3

question, the Court will reach the § 3145(c) question.

In a non-precedential disposition, the Tenth Circuit gave a dictionary definition for the term "exceptional" as used in § 3145(c): "'Exceptional' is defined as 'being out of the ordinary: uncommon, rare.' *Webster's Third New Int'l Dictionary (Unabridged)* 791 (G. & C. Merriam Co. 1976)." *United States v. Wages*, 271 F. App'x 726, 727 (10th Cir. 2008). Whether a particular defendant's situation is exceptional is "a case-by-case evaluation." *Id.* (internal quotation marks omitted).

Obviously the COVID-19 pandemic is out of the ordinary, uncommon, and rare, but whether it creates an exceptional circumstance as to Montes turns, at least in part, on the risk he faces if he contracts the disease. In other words, if he contracts COVID-19, is he likely to develop a severe case?

Montes is 32 years old. (*See* ECF No. 287 at 4.) According to the Centers for Disease Control and Prevention ("CDC"), the threshold for COVID-19 risk based on age alone is 65. *See* CDC, "People Who Are at Higher Risk for Severe Illness," *at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited May 19, 2020). Thus, by itself, Montes's age is not a risk factor.

Montes also says he has "diabetes for which he is currently receiving treatment resulting in a compromised immune system." (ECF No. 327 at 3.) It is unclear why Montes believes that *receiving treatment* for diabetes *results* in a compromised immune system. The CDC guidance Montes cites (*see* ECF No. 331 at 2 & n.1) suggests, if anything, that those with *untreated* diabetes are at greater risk for a severe case of COVID-19:

> Diabetes, including type 1, type 2, or gestational, may put people at higher risk of severe illness from COVID-19.

4

> **Actions to take**
>
> - Continue taking your diabetes pills and insulin as usual.
>
> - Test your blood sugar every four hours and keep track of the results.
>
> - Make sure that you have at least a two-week supply of your diabetes pills and insulin.
>
> - Follow the sick day guidelines for people with diabetes.
>
> **Why you might be at higher risk**
>
> People with diabetes whose blood sugar levels are often higher than their target are more likely to have diabetes-related health problems.  Those health problems can make it harder to overcome COVID-19.

CDC, "Groups at Higher Risk for Severe Illness," *at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html#diabetes (formatting in original) (last visited May 19, 2020).

Because Montes is receiving treatment for his diabetes (which FCI Englewood is constitutionally required to provide in any event), the Court finds that Montes is not at higher risk for a severe case of COVID-19, assuming he becomes infected. Accordingly, "exceptional reasons" under § 3145(c) do not exist to release Montes.

### III.  CONCLUSION

For the reasons set forth above, Montes's Motion for Emergency Release (ECF No. 327) is DENIED.

Dated this 21st day of May, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge